AUSTIN RYAN STEINBART Inmate
Number #35841508
Central Arizona Florence Correctional
Complex
P. O. Box 6300
Florence, Arizona 85132
Pro-se Defendant


JAMES P. BUESING
Arizona State Bar # 022404
20403 N Lake Pleasant Rd # 117-474
Peoria, AZ, 85382-9702
Telephone: 602-920-2564
E-Mail: James@buesinglaw.com
Standby Counsel for Defendant


RAYMOND K. WOO
Arizona State Bar No. 023050
E-mail: Raymond.woo@usdoj.gov
JAMES R. KNAPP
Arizona State Bar No. 021166
E-mail: james.knapp2@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-20-0485-PHX-SPL |
| Plaintiff, | **MOTION TO RELEASE DUE TO** |
| v. | **CHANGE OF CIRCUMSTANCES** |
| Austin Ryan Steinbart, | |
| Defendant | |

Defendant Austin Ryan Steinbart, through standby counsel, hereby respectfully

moves that the court approve this Motion to Release Due to Change of Circumstances. On

10/26/2020, Judge Logan approved and ordered the defendant's Motion to Self-Represent,

allowing standby counsel. With this request granted, and Mr. Steinbart being a self-

represented litigant with standby counsel, the defendant is now under new circumstances. Pursuant to 18 U.S.C. § 3142 (f) & (i), which permits pretrial release when a "judicial officer determines that such a release to be necessary of preparation of the person's defense or for other compelling reasons." There are several "compelling reasons", for Mr. Steinbart's request to be released.

1.       Under the Sixth Amendment, Mr, Steinbart has the right to counsel, which includes access to law books, witnesses, and other tools to prepare a defense for defendants who are incarcerated. (*US v. Sarno, 73 F.3d 1470, 1491 (9th Cir. 1995*). Also, pro se litigants are allowed to use the prison library prior and during trial, access to discovery materials, personal address books, and reasonable copies of documents, monitored and unmonitored phone calls. (*US v. Fredericks and Battles; 145 F.3d 1342 (9th circuit.1998).* Since his time being detained at Central Arizona Florence Correctional Complex, Mr. Steinbart has not had access to the law library, nor access to the Internet. He is on a waiting list to have access to the library at this point in time. While there is an option for some inmates to have access to a laptop computer, the time in which to obtain approval, and obtain one would extend past when the defendant would need to be prepared for his trial.

2.       With some state mandates still in effect with regard to Covid-19, the defendant has the obligation to quarantine before his trial. This does not intend to mean that the defendant be quarantined and isolated in his cell. That would negate the ability to utilize any time in the law library on site. The defendant respectfully has requested that he be permitted to quarantine at home, immediately, so that he is able to control his dietary needs, sleep patterns so that he is not even more susceptible to contracting the Corona-virus, but also so he can adequately prepare for his Trial. Judge Logan was present in the courtroom on 10/26/2020 when the defendant lost consciousness twice due to low blood sugar. As it has been on court record before, let it be heard again herein; Mr. Steinbart suffers from Celiac Disease- an autoimmune disorder, leaving him even more at risk for contracting the Coronavirus.

Lack of sleep, being transported back and forth for court appearances at 1:00am (as stated under oath in court on 10/26/2020), and irregular meal times could also pose a potential threat to an already lowered immune system. The notion that he could be moved to the Maricopa facility would only exacerbate the issues, as they are notorious for long booking delays, serve two meals per day that are identical every day and there are no meals provided for inmates with allergy issues. This seems to be an additional penalty against the defendant to further negate his ability to prepare his defense adequately.

3.      Due to lock-downs at the facility because of contaminant, violence, or schedule of the facility, the defendant is better served not being remanded to custody while trying to prepare his defense. A lock-down for inmates and detainees, would include the defendant, which would preclude his ability to continue to properly form his defense under the Sixth Amendment.

4.      The defendant is to quarantine for fourteen days prior to trial, which begins on 11/16/2020. Should the defendant not be released by 12:00AM on 11/3/2020, he will be subject to isolation from **any** ability to form an adequate defense against the crimes of which he is being accused. Additionally, this would also preclude Mr. Steinbart's ability to participate in the selection of a jury of his peers (*Rule 18.5*), further violating his Sixth Amendment rights. Due to the physical impossibility of being able to provide a timely meaningful defense, the court is causing a chilling effect in the ability for Mr. Steinbart to participate in the adversarial process.

5.      The defendant has been indicted and charged with non-violent crimes, against corporations, which are out of state. Mr. Steinbart is not a flight risk, poses no risk to the community or to himself, and has established himself within the community. The defendant has never been charged with, or convicted of a crime at anytime previous in his lifetime.

6.      Mr. Steinbart seeks to be released subject to home detention to the third-party custody of his girlfriend, whose name, address and phone number are already on record with U.S. Pretrial Services.

1

   The defense prays the court will hear this motion and grant the request herein.

2

3

4

5

6

   Respectfully submitted this 1st day of November 2020.

7

8
                                              AUSTIN RYAN STEINBART
9                                             Pro-se Defendant
                                              s/ *Austin Ryan Steinbart*
10

11                                            JAMES P. BUESING
                                              CJA Counsel for Defendant
12                                            s/_____

13

14

15

16

17                            **CERTIFICATE OF SERVICE**

18   I hereby certify that on 11/1/2020, I electronically transmitted the attached document to the

19   Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF

20   registrants:

21   RAYMOND K. WOO

22   JAMES R. KNAPP

     Attorneys for Plaintiff
23

24

25

26

27

28